IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND D. BLALOCK,

        Petitioner,

    v.

CAROL HOLINKA, Warden,

        Respondent.

OPINION AND ORDER

10-cv-174-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Petitioner Raymond Blalock,[2] a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that the Bureau of Prisons calculated his sentence incorrectly by failing to give him credit for 294 days he spent in presentence detention and violated his rights to due process and equal protection by refusing to allow him to serve his federal and state sentences concurrently. He has paid the $5 filing fee.

    Petitioner is raising arguments that he raised in a previous petition that was denied

---

[1] For the purposes of issuing this opinion and order, I am assuming jurisdiction over the case.

[2] In petitioner's habeas petition before the United States District Court for the Southern District of Indiana and the Court of Appeals for the Seventh Circuit, the courts and parties referred to petitioner as "Blaylock." However, in this petition, petitioner refers to himself as "Blalock."

1

by the United States District Court for the Southern District of Indiana and the Court of Appeals for the Seventh Circuit.  Therefore, I am dismissing this petition pursuant to 28 U.S.C. § 2244(a) for lack of jurisdiction.

The following facts are drawn from the petition, the documents attached to the petition and the order issued by the court of appeals in <u>Blaylock v. Bezy</u>, 188 Fed. Appx. 492, 2006 WL 1985852, (7th Cir. 2006) (unpublished).

ALLEGATIONS OF FACT

On April 23, 2000, plaintiff was arrested by local authorities in Milwaukee, Wisconsin, on a parole violation warrant, a state armed robbery charge and an offense involving possession of a firearm.  The state firearm charge was dropped and federal authorities indicted him for being a felon in possession of a firearm.  On August 25, 2000, federal authorities gained temporary custody of plaintiff by a writ of habeas corpus ad prosequendum and plaintiff appeared for an arraignment and plea hearing.  Plaintiff entered a plea of "not guilty," and the court released plaintiff back to state custody, placing a detainer on him with instructions that he should be returned to federal custody for further proceedings if he was released from state custody.  On October 27, 2000, plaintiff changed his plea to "guilty."  On January 23, 2001, federal authorities obtained another writ of habeas corpus ad prosequendum and Judge Stadtmueller of the United States District Court for the Eastern District of Wisconsin sentenced plaintiff to 92 months' imprisonment to be

2

followed by a three-year term of supervised release. At sentencing, Judge Stadtmueller commented that the state court might, in its subsequent criminal proceedings against Blalock for the remaining three state charges, decide to run its sentence concurrently with the federal sentence, but Judge Stadtmueller did not order the federal sentences to run concurrently with any state sentence to be imposed. After plaintiff was sentenced, he was returned to state custody.

On May 9, 2003, the state of Wisconsin sentenced plaintiff to 10 years' imprisonment. By later amendment, the state court provided that the state sentence commenced on February 12, 2001, and ordered that plaintiff receive 294 days of jail credit for time served from April 23, 2000 (the date of plaintiff's arrest) through February 12, 2001. The state also ordered the state federal sentence to run concurrently with the federal sentence.

While in state custody, plaintiff requested that the federal Bureau of Prisons designate the state prison as the location for serving his federal sentence so that the two terms could run concurrently, but the Bureau of Prisons refused, ordering that his federal sentence would not begin until he completed his state sentence and was transferred to federal custody. On February 1, 2005, plaintiff was released (on parole) from his state sentence and transferred to federal custody to begin his federal sentence. The Bureau of Prisons calculated that plaintiff's 92-month sentence would run from February 1, 2005, to a projected release date of October 6, 2011.

3

Plaintiff challenged the Bureau of Prisons' refusal to designate the state prison as the location for serving his sentence and the Bureau's refusal to grant him sentence credits for time spent serving his state sentence. The Bureau denied plaintiff's administrative challenges, concluding that because his federal sentence was silent as to whether it should run concurrently or consecutively to any other sentence, plaintiff's federal sentence was consecutive to his state sentence and did not commence until he was released into federal custody. On October 31, 2005, plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana, contending that the Bureau of Prisons had erred in refusing to designate the state correctional facility as the facility for service of petitioner's federal sentence so that the sentences could run concurrently. He asked the district court to order a nunc pro tunc designation for his federal sentence retroactively to January 23, 2001 and credit him for presentence detention under Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993). The district court denied the petition, concluding that the Bureau of Prisons was not required to designate the Wisconsin prison as an institution for serving petitioner's federal sentence and that petitioner was not entitled to any sentence credit for time spent in state custody because that time had already been credited against petitioner's state sentence. Blaylock v. Bezy, 05-cv-1641-JDT-TAB, (S.D. Ind. Feb. 2, 2006). Petitioner appealed the district court's decision, and the Court of Appeals for the Seventh Circuit affirmed, holding that the Bureau of Prisons had concluded properly that petitioner's federal sentence was to run consecutively

4

to his state sentence and the Bureau of Prisons "acted within [its] power in determining that since Blaylock's time in the state prison already counted toward his state sentence, it should not be permitted to count for his federal sentence as well." Blaylock, 188 Fed. Appx. at 493, 2006 WL 1985852, at *1-2.

In 2009, petitioner filed a new round of administrative requests to the Bureau of Prisons. This time, he focused on the time he spent in custody before his federal sentencing, requesting that he receive prior custody credits pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971) and Kayfez, 993 F.2d 1288. The Bureau of Prisons rejected his requests, finding that because he had already been given credit for this time against his state sentence and his federal sentence was not imposed to run concurrently with his state sentence, he was not entitled to credit for presentence detention time.

## DISCUSSION

In his petition, petitioner asserts that the 294 days that he spent in detention from April 23, 2000 to February 12, 2001 before his state sentence commenced should be credited toward his 92-month federal sentence under Kayfez, 993 F.2d at 1289-90. Also, he contends that the Bureau of Prisons violated his rights to due process and equal protection under the law by refusing to "give full faith and credit" to the state court's determination that his federal and state sentences should run concurrently.

A petition for a writ of habeas corpus under § 2241 is the proper vehicle for

5

challenges to the execution of a sentence. Atehortua v. Kindt, 951 F.2d 126, 129 (7th Cir. 1991). However, petitioner is attempting to relitigate arguments he raised in his earlier petition for writ of habeas corpus, namely, whether his federal sentence was meant to be served concurrently with his state sentence and whether he is entitled to certain credits toward his federal sentence. Because two courts have already rejected these arguments, petitioner is barred from raising them again. The law is clear in that respect. Under 28 U.S.C. § 2244(a),

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on prior application for a writ of habeas corpus, exception as provided in § 2255.

This provision bars successive petitions brought under 28 U.S.C. § 2241 that raise issues that have been decided against the petitioner. Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998) ("§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence"); Schaefer v. Bezy, 199 Fed. Appx. 548, 551 (7th Cir. 2006) (unpublished) (upholding district court's dismissal of § 2241 habeas petition because "28 U.S.C. § 2244(a) bars successive petitions pursuant to 28 U.S.C. § 2241, which are directed at the same issue."); Ellis v. Olson, 27 Fed. Appx. 620, 622 (7th Cir. 2001) (unpublished) (same) see also United States v. Tubwell, 37 F.3d 175, 177-78 (5th Cir. 1994).

      Petitioner has put a slightly different spin on his new petition by raising due process

6

and equal protection claims and focusing solely on credit for the 294 days he spent in presentence detention rather than credit for the full time he spent serving his state sentence. Petitioner may believe that because the district court and court of appeals did not address his arguments regarding the presentence credits directly, he may raise this argument again in a new petition. However, all of the arguments raised by petitioner boil down to whether the Bureau of Prisons should have allowed his federal sentence to run concurrently with his state sentence. As discussed in detail below, presentence credits under <u>Kayfez</u> and <u>Willis</u> apply only if a federal sentence is to run concurrently with another sentence. The Court of Appeals for the Seventh Circuit explicitly rejected petitioner's argument that his sentences should be concurrent, thus making petitioner's argument regarding presentence credits irrelevant. Because this petition is successive, I will dismiss it for lack of jurisdiction.

Moreover, even if this court could consider petitioner's current petition, his petition would fail on the merits. Under 18 U.S.C. § 3585(b), the Bureau of Prisons must give credit for time a prisoner spent in official detention prior to the date the federal sentence commences only if that time "has not been credited against another sentence." The Bureau has carved out two narrow exceptions to the bar on double credits. These exceptions apply in cases in which a federal sentence has been ordered to run concurrently with a state sentence that has already been credited with presentence detention time, but the state credits will be of "no benefit" to the federal prisoner because they will not shorten the overall time he spends incarcerated. These credits are called <u>Willis</u> and <u>Kayfez</u> credits and are based on

7

judicially created exceptions to § 3585(b) set forth in <u>Willis</u>, 438 F.2d 923 and <u>Kayfez</u>, 993 F.2d 1288.

The Bureau's method for implementing these exceptions and determining whether the state presentence credits will be of no benefit is set forth in Program Statement 5880.28. Essentially, the Bureau compares the full terms of the concurrent federal and state sentences before the application of any credits (known as the "raw expiration full term date" or the "Raw EFT"). In the case of <u>Willis</u> credits, the Bureau will find that the state-awarded presentence custody credits are of "no benefit" to the federal prisoner where the Raw EFT for the state sentence is shorter than the Raw EFT for the federal sentence. In the case of <u>Kayfez</u> credits, the Bureau will credit presentence detention time if the Raw EFT of a state sentence is longer than the Raw EFT of the federal term, but the difference between the terms is less than the amount of credit awarded on the state sentence. Under those circumstances, the Bureau subtracts the state-awarded credits from the state Raw EFT to get an adjusted state sentence length and grants sufficient credits to make the federal sentence the same length as the adjusted state sentence length.

Petitioner contends that one of these exceptions should apply because he gained no benefit from having the 294 presentence detention days credited against his state sentence instead of his federal sentence. However, petitioner's situation does not fall under the <u>Willis</u> or <u>Kayfez</u> exceptions because his federal and state sentences are not concurrent. As the court of appeals explained, the Bureau is under no obligation under the Constitution or otherwise

8

to follow a state judge's order that state and federal sentences are to be served concurrently. Blaylock, 2006 WL 1985852, at *1; see also Jake v. Herschberger, 173 F.3d 1059, 1065-66 (7th Cir. 1999); Leal v. Tombone, 341 F.3d 427, 429-30 (5th Cir. 2003) (per curiam) (holding that prisoner's due process rights did not require federal authorities to comply with state trial court's order that defendant be taken to federal prison to serve concurrent state sentence); Taylor v. Sawyer, 284 F.3d 1143, 1149-53 (9th Cir. 2002) (holding that federal authorities did not violate "full faith and credit" or any other constitutional provision by refusing to allow prisoner to serve concurrent state sentence in federal prison because "a state judge's imposition of a concurrent sentence is nothing more than a recommendation to federal officials that federal officials are free to disregard"). Thus, petitioner has provided no basis for his assertion that his constitutional rights were violated when the Bureau determined that his federal sentence would be served consecutively to his state sentence.

In sum, because the Bureau determined that petitioner's federal and state sentences are not concurrent, petitioner is not eligible for Willis or Kayfez credits. Therefore, the Federal Bureau of Prisons did not err in declining to credit petitioner for the 294 days he spent in presentence detention.

ORDER

IT IS ORDERED that:

1. Raymond Blalock's petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2241 is DENIED as a successive petition under 28 U.S.C. § 2244(a).

2. The clerk of court is directed to enter judgment for respondent Carol Holinka and close this case.

Entered this 1st day of June, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge